**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT G. WHITEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NCO FINANCIAL SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.  Plaintiff Robert G. Whiteman brings this action to secure redress from unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc. ("NCO"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331 and 1337.

3.  Venue and personal jurisdiction in this District are proper because:

    a.  Defendant's collection communications were received by plaintiff within this District;

    b.  Defendant does business within this District.

### PARTIES

4.  Plaintiff Robert G. Whiteman is an individual who resides in the Northern District of Illinois.

5.  Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation with offices located at 507 Prudential Road, Horsham, PA 19044. It does business in Illinois. Its registered agent and office in Illinois are CT Corporation System, 208 S. LaSalle St.,

Suite 814, Chicago, IL 60604.

6. Defendant NCO Financial Systems, Inc. is engaged in the business of a collection agency, using the mails and interstate wires to collect debts originally owed to others.

7. NCO Financial Systems, Inc. is a debt collector as defined in the FDCPA.

8. NCO Financial Systems, Inc. describes its business activities on its web site as follows:

> NCO offers litigation services through its Attorney Network Services™. NCO Attorney Network Services designs and implements cost-effective legal collection solutions for creditors across the country, managing nationwide legal resources complemented by modern facilities, leading-edge technology, and the expertise needed to achieve results.
>
> We meet the needs of creditors large and small, whether their requirements call for the implementation of a pre-litigation collection campaign for selected accounts or for a nationwide bankruptcy recovey program. We improve our clients' bottom line through customization, working closely wth them to identify and implement solutions that yield quality results.
>
> NCO Attorney Network Services consist of the following:
>
> - Pre-litigation Collections
> - Attorney Network Collections (Litigation)
> - Bankruptcy Recovery Programs
> - Reaffirmation Invitation Programs
> - Non-Dischargeable Debt Programs
> - Nationwide Motions Filing
> - Nationwide Replevin Filing
> - Probate Accounts
> - Suit Scoring
> - Arbitration Services
> - NCOeRecoverEase™

9. The mails and interstate wire communications are used to conduct the business of NCO Financial Systems, Inc.

## FACTS

10. Defendant has been attempting to collect from plaintiff a purported Chase credit card debt incurred for personal, family or household purposes and not for business purposes.

11. During April-May 2010, Plaintiff received a series of calls and messages from Defendant's representatives.

12. Plaintiff responded by sending NCO the letter attached as <u>Exhibit A</u>, stating that further communications were to cease.

13. NCO received Plaintiff's letter on May, 25, 2010. Proof of delivery is attached as <u>Exhibit B</u>.

14. NCO did not cease further communications.

15. Plaintiff subsequently received phone calls and messages from Defendant's employees on June 2, 2010, June 3, 2010, June 4, 2010, June 8, 2010, June 9, 2010, June 15, 2010, June 16, 2010, June 18, 2010, June 21, 2010, June 22, 2010, June 23, 2010, June 24, 2010, June 28, 2010, June 29, 2010, and June 30, 2010.

16. As of the date of this filing, Plaintiff continues to receive phone calls and messages from Defendant's employees.

## **VIOLATION ALLEGED**

17. Defendant violated 15 U.S.C. §1692c.

18. Section 1692c provides:

> **§ 1692c.  Communication in connection with debt collection [Section 805 of P.L.]**
>
> **. . . (c) Ceasing communication--If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--**
>
> **(1)  to advise the consumer that the debt collector's further efforts are being terminated;**
>
> **(2)  to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or**
>
> **(3)  where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.**
>
> **If such notice from the consumer is made by mail, notification shall be complete**

**upon receipt.**

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

    s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

    s/Daniel A. Edelman
Daniel A. Edelman

T:\24638\Pleading\Complaint_.wpd

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

    s/Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)